HUBAR v. HARTMAN FINANCE CORPORATION.

VENDOR AND PURCHASER—FRAUD—RESCISSION.

In action by vendee's assignee against vendee and vendor to rescind land contract on ground of fraud, plaintiff is not entitled to relief against vendor, who was guilty of no fraud, misrepresentation, or deceit, and with whom plaintiff did not deal.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted October 7, 1931. (Docket No. 30, Calendar No. 35,792.) Decided January 4, 1932. Rehearing denied April 4, 1932.

Bill by David I. Hubar against Hartman Finance Corporation and Cardinal-Taylor Corporation, Michigan corporations, to rescind a land contract. From decree for plaintiff against defendant Hart-

man Finance Corporation, it appeals. Reversed, and bill dismissed as to appellant.

*Milton M. Maddin,* for plaintiff.

*Behr & Coolidge,* for defendant Hartman Finance Corporation.

POTTER, J. Plaintiff filed a bill of complaint in the circuit court for Wayne county, in chancery, against defendants to rescind a land contract, for accounting, and for other relief. From a decree for plaintiff against Hartman Finance Corporation, it appeals.

Robert Oakman and wife, being the owners of the lands involved herein, August 5, 1924, sold on land contract the property in question to defendant Hartman Finance Corporation, for $7,000; $4,861.13 of which was paid down. The contract of sale restricted the use of the lot to residence purposes only. There were other restrictions as to the kind of dwelling, building, and grade lines, and other things all fully set out therein. February 17, 1925, Hartman Finance Corporation sold the land in question to Cardinal-Taylor Corporation, "subject to any restrictions upon the use of the premises." It is not claimed the Cardinal-Taylor Corporation was deceived or defrauded. Mr. Cardinal of the Cardinal-Taylor Corporation bought the property upon his own judgment, understanding, and belief. December 4, 1925, the Cardinal-Taylor Corporation assigned its contract with the Hartman Finance Corporation to plaintiff, "subject to any restriction upon the use of the same." Plaintiff did not discuss the property, contract, or restrictions with the Hartman Finance Corporation. The Cardinal-Taylor Corporation, at the time it purchased the property, urged the restrictions upon its use to reduce the

price. It bought with full knowledge of all the facts. The Cardinal-Taylor Corporation, in selling the property to plaintiff, assumed it was business property. Plaintiff says he would not have purchased the property had he believed it to be residence property. The Hartman Finance Corporation, under the facts, was guilty of no fraud, misrepresentation, or deceit. It did not deal with plaintiff, and he can have no relief as against it. No decree was taken against the Cardinal-Taylor Corporation. The decree did not rescind the assignment from the Cardinal-Taylor Corporation to plaintiff, but assumed to set aside the contract with the Hartman Finance Corporation, not shown to have participated in any fraud. The decree of the trial court will be reversed, and the bill dismissed, with costs to appellant.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.